IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| TIMOTHY P. WATSON SUSAN K. WATSON, | : | BANKRUPTCY NO.: 4-13-bk-00304-JJT |
| DEBTORS | : | |
| NORTH CENTRAL PENNSYLVANIA REGIONAL PLANNING AND DEVELOPMENT COMMISSION, | : | (**Nature of Proceeding**: Motion to Dismiss Chapter 13 Bankruptcy with Prejudice (Doc. #76)} |
| MOVANT | : | |
| vs. | : | |
| TIMOTHY P. WATSON SUSAN K. WATSON, | : | |
| RESPONDENTS | : | |

# OPINION

The Movant, North Central Pennsylvania Regional Planning and Development Commission (NCP), has moved to dismiss the Chapter 13 filing of Debtors, Timothy P. and Susan K. Watson, arguing that the filing was in "bad faith." (Doc. #76) A hearing on this issue was held on March 14, 2014. The factual argument will be incorporated into the legal discussion that ensues.

> The Third Circuit held that "lack of good faith in [a Chapter 13] filing is sufficient cause for dismissal under section 1307(c)." *In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996). It is the discretion of the bankruptcy court to determine good faith on a case-by-case basis looking at the totality of the circumstances. *Id*. Some factors that may be taken into consideration to determine good faith are:
> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's

> actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.
> *Id*. (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992)).

*In re Kerschner,* 246 B.R. 495, 497 (Bkrtcy. M.D.Pa. 2000)

I would be remiss if I did not start off this discussion with the overview that "[t]he overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start." *In re Cohn,* 54 F.3d 1108, 1113 (3d Cir. 1995). It is upon the Movant to legitimately call into question the Debtor's lack of good faith at which time the burden shifts to the Debtors to prove good faith. *In re Tamecki,* 229 F.3d 205, 207 (3d Cir. 2000). I find that the Movant has shifted this responsibility by establishing that the Debtors' original filing failed to disclose the existence of various leases.

The Debtors filed bankruptcy on January 22, 2013. NCP holds judgment liens alleged to exceed $200,000 against real estate of the Debtors. Proofs of Claim Nos. 7-8. From the record at the time of the hearing, it is apparent that NCP relies generally on an allegation that the Debtors have been manipulative of their property and not forthcoming to the Bankruptcy Court and the Debtors' creditors. What emerges from the hearing, however, are business debtors having a minimal amount of sophistication; operating as a family unit; and incorporating children, parents, and in-laws in their operation. It is true enough that such an operation places an extra layer of analysis in evaluating the rights of creditors vis-à-vis the specific Debtors, transferors, and transferees, but after a review of the pleadings, exhibits which include depositions, and hearing, I am satisfied that the Debtors' conduct does not rise to the level of "fraud, misconduct, or gross negligence." *In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991).

Movant supports its Motion with a number of allegations that appear to have only a

tangential impact on intent at the time of this filing in 2013. NCP advances that the male Debtor's 2005 Chapter 7 bankruptcy filing is a significant factor in the Debtor's current bad faith. Sequential filers do carry a presumption of bad faith, but such term is statutorily associated with two pending cases over the course of 12 months. 11 U.S.C .§ 362(c)(3)(C)(i)(I). In this case, the two filings, eight years apart, strikes me as immaterial if not irrelevant.

Movant further advances that the conveyance of real estate from the male Debtor's parents to the female Debtor for no consideration, 11 years before the current bankruptcy filing, carries with it some sort of "badge of fraud." From my point of view, it does nothing but enhance the bankruptcy estate.

Movant is critical that the male Debtor used the parcel conveyed to his spouse as if it was jointly owned. Ultimately, that parcel was conveyed to the joint Debtors in 2010. It is hardly unusual that a spouse shares the benefits of individually owned assets. In fact, the state law concept of "marital property" recognizes the existence of some degree of spousal rights in individual property acquired after marriage.

The Movant places some emphasis on the poor record keeping of the Debtors. The real importance of records lies in their necessity to ascertain the Debtors' financial condition. *In re Kran*, No. 13-1931, --- F.3d ---, 2014 WL 3685939 (2nd Cir. July 25, 2014). The Movant has not demonstrated that the financial records or the lack of them will have any significance in this case.

After a review of the introduced depositions, the remaining exhibits, and the hearing, I am satisfied that the pivotal shortcoming in this case was the failure to fully disclose leases on the property. I am not satisfied that such an omission was a calculated move to abuse the

bankruptcy process as to destroy the good faith of the filing.

For all these reasons, the Motion of NCP will be denied.

My Order will follow.

By the Court,

*[signature]*

Date: August 4, 2014

John J. Thomas, Bankruptcy Judge

(CMS)

[K:\Cathy\Opinions-Orders filed 2014\4-13-bk-00304-JJT_Watson.pdf]  4

Case 4:13-bk-00304-JJT    Doc 110    Filed 08/04/14    Entered 08/04/14 14:26:43    Desc
Main Document    Page 4 of 4